**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.  1:17-cv-02582-DDD-NRN

MAGICALL, INC.,

             Plaintiff,

v.

ADVANCED ENERGY INDUSTRIES, INC.,
AE SOLAR ENERGY, INC.,
ADVANCED ENERGY (SHENZHEN) CO., LTD.,
EAGLERISE ELECTRIC AND ELECTRONIC CO., LTD,
EAGLERISE E & E USA, INC. (CA);
EAGLERISE E & E USA, INC. (PA), and
EAGLERISE POWER SYSTEMS, INC.,

             Defendants.

---

**DEFENDANTS' <u>UNOPPOSED</u> MOTION FOR LEAVE TO FILE LEVEL 1 RESTRICTED
EXHIBITS**

---

        Pursuant to D.C.COLO.LCivR 7.2, Defendants Advanced Energy Industries, Inc., AE

Solar Energy, Inc., and Advanced Energy (Shenzhen) Co., LTD. ("Defendants") respectfully move

this Court for leave to file three Level 1 restricted exhibits. In support of its Motion, Defendants

state and aver as follows:

        1.      This motion relates to Defendants' Motion for Leave to Designate One Additional

Expert ("Underlying Motion"), filed in conjunction with this Motion on July 31, 2020. No ECF

number has yet been assigned to that Underlying Motion.

        2.      Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Defendants has conferred with

counsel for Plaintiff regarding the relief requested herein. <u>Plaintiff does not oppose</u> the Level 1

restriction of the Underlying Motion exhibits detailed below.

3.      Defendants' Underlying Motion contains six (6) exhibits, designated Exhibit A through Exhibit F. Defendants' respectfully request that three (3) of these six exhibits, specifically **Exhibit A,** Plaintiff's Third Supplemental Answers to Defendants' Second Set of Interrogatories; **Exhibit B**, Dr. Qin Deposition Transcript, p. 54:1-56:23; and, **Exhibit F**, Mar. 4, 2019 Deposition Transcript Excerpt, Joel Wacknov, at 88:18-89:15, be designated as "Restricted Documents, Level 1" and that access be restricted to the Parties and the Court.

4.      Exhibits A, B and F, have been filed in conjunction with Defendants' Underlying Motion.

5.      It is the Parties' position that Exhibit A contains technical and proprietary information provided by Plaintiff in response to written interrogatories of Defendants. The information contained therein is subject to the Revised Protective Order filed in this matter (ECF Document No. 126), and is confidential.

6.      It is the Parties' position that Exhibit B contains technical and proprietary information provided by Plaintiff's 30(b)(6) representative Dan Qin, in response to deposition questioning by Defendants. The information contained therein is subject to the Revised Protective Order filed in this matter (ECF Document No. 126), and is confidential.

7.      It is the Parties' position that Exhibit F contains technical and proprietary information provided by Plaintiff's 30(b)(6) representative Joel Wacknov, in response to deposition questioning by Defendants. The information contained therein is subject to the Revised Protective Order filed in this matter (ECF Document No. 126), and is confidential.

8.      Although "[t]here is a presumption that judicial proceedings are public…documents may be restricted when the public's right of access is outweighed by interests

which favor non-disclosure." *Loxo Oncology, Inc. v. Array Biopharma Inc.*, No. 18-CV-03062-PAB-MEH, 2019 WL 5425040, at *1 (D. Colo. Oct. 23, 2019), quoting *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, Nos. 08–1331, 08–2137, 2010 WL 2710566, at *3 (D.N.J. July 7, 2010) and citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

9.   Courts have specifically recognized that the potential danger from releasing confidential business information or trade secrets may favor nondisclosure. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing"); *SBM Site Services, LLC v. Garrett*, No. 10–cv–00385–WJM–BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011) ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("Potential damage from release of trade secrets is a legitimate basis for sealing documents...."); *Randolph v. ADT Sec. Servs., Inc.*, Civil Action No. DKC 09-1790, 2011 WL 3476898, at *11 (D. Md. Aug. 8, 2011) (ordering the sealing of "documents relat[ing] to private business information held by ADT, including pay structures and other matters").

10.   If the Court denies this Motion to Restrict, Defendants respectfully request Exhibits A, B and F be deleted from the Court's ECF document management system and that Defendants be permitted to redact and re-file a new version of the Underlying Motion.

Dated this 3rd day of August, 2020.

*s/ Matthew C. Freemann*

Darren E. Nadel
Michelle DiCuollo
Matthew Freemann
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Phone:  303.629.6200
Fax:      303.629.0200
Email:  dnadel@littler.com
            mgomez@littler.com
            mfreemann@littler.com

*Attorneys for Defendants Advanced Energy Industries, Inc., AE Solar Energy, Inc. and Advanced Energy (Shenzhen) Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of August, 2020, I filed and served the foregoing

**UNOPPOSED MOTION FOR LEAVE TO FILE LEVEL 1 RESTRICTED EXHIBITS** via

CM/ECF which will send a copy to the following:

Michael E. Obermueller
Emily Anderson
Winthrop & Weinstine
Capella Tower
225 S. Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
T: 612.604.6483
F: 612.604.6883
eanderson@winthrop.com
mobermueller@winthrop.com

*Attorneys for MAGicALL, Inc.*

*s/ Arlene Aguilar*
Arlene Aguilar